# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND; FOX VALLEY LABORERS' PENSION FUND; and PAT SHALES, Fund Administrator,<br><br>Plaintiffs,<br><br>vs.<br><br>HUGH HENRY CONSTRUCTION INC.; HH CONCRETE, INC.; TRACEY BIESTERFIELD; and MICHAEL GALLAGHER,<br><br>Defendants.<br>--------------------------------------------------<br>GLOBAL BUILDERS, INC.,<br><br>Citation respondent. | Case No. 18 C 6751 |

## ORDER ON PLAINTIFFS' MOTION FOR TURNOVER ORDER AND MOTION FOR RESTRAINING ORDER

On November 28, 2018, judgment was entered in favor of the Fox Valley Laborers' health and welfare and pension funds and their administrator Pat Shales (collectively the Funds) against Hugh Henry Construction, Inc., Tracey Biesterfeldt, and Michael Gallagher in the amount of $301,162.26, and in favor of the Funds against HH Concrete, Inc. in the amount of $454,657.23. The Funds then issued citations to discover assets to various entities to attempt to collect on the judgment.

One of the citations was issued to Global Builders, Inc. The citation appears to have been issued on December 14, 2018 (directed to Global Builders' attorney Thomas Herz, Jr.). *See* dkt. no. 20. The citation was served at some point on Global Builders, likely through attorney Herz, but the record does not establish the date of service. The

citation was concededly served by February 7, 2019—and likely several days before that—because on that date Global Builders' owner, Carmen Gratace, appeared for an examination pursuant to the citation and a citation served in another lawsuit by the Funds against Hugh Henry, Case No. 16 C 7203. *See* dkt. no. 34-1 (transcript of citation examination).[1] The Court will use February 1, 2019 as the date of service because the Funds have not established an earlier date.

The Funds have moved for a turnover order, seeking equipment belonging to the judgment debtors that the Funds contend is in the possession of Global Builders. After the motion was filed, the case was reassigned to the undersigned judge. The Court held an evidentiary hearing on October 4, 2019. This constitutes the Court's findings of fact and conclusions of law.

Service of a citation to discover assets creates a lien on "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." 735 ILCS 5/2-1402(m)(2); *Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997). The lien does not arise, however, until the citation is served. In this case the record does not establish a date of service earlier than February 1, 2019. So the question for purposes of the motion for turnover order is what property of the judgment debtors Global Builders was holding as of that date.

---

[1] Gratace testified during the examination that he did not recall when he first saw the citation. *See* dkt. no. 34-1 at 15. Attorney Herz said that he had received a citation on September 18, 2018, *see id.* at 14, but that has to have been the citation that was served in Case No. 16 C 7203, because the Funds had not obtained a judgment in the present case at that point and thus could not have issued a citation in this case.

Hugh Henry (the term the Court will use to describe the judgment debtors) was a subcontractor on a construction project on which Global Builders was the general contractor. The project was on Roosevelt Road near the Dan Ryan Expressway on Chicago. Hugh Henry was barred from the job site on October 9, 2019. The evidence does not reflect why, aside from Hugh Henry principal Michael Gallagher's testimony that the carpenter's union "removed manpower from the project." Gallagher testified, credibly, that Global Builders' owner Carmen Gratace told Gallagher not to come to the job site and that if he did so Global would call the police.

As of October 9, Hugh Henry had a significant amount of construction equipment and supplies that were physically on the job site. Gallagher testified, again credibly, that a small amount of Hugh Henry's property was returned but that when he asked for the rest, Gratace "mocked [him], laughed about it," and refused to return anything else. In his testimony at the hearing, Gallagher gave a detailed listing of Hugh Henry's equipment and supplies that were present at the site as of October 9. Gallagher's testimony was supported by records reflecting Hugh Henry's purchase of the items, and the Funds also offered photographs of some of the items that Gallagher took in early December 2018. Gallagher's testimony regarding what Hugh Henry left at the site was uncontradicted (Global Builders' witness William Lumino testified that he had no specific awareness of what property Hugh Henry left at the site), and the Court found it credible.

Global Builders admits that it still possesses some of the property identified by Gallagher during his testimony, but it contests its possession of the rest as of the relevant date. Global Builders' admissions regarding its possession of some of the

3

items came in the form of interrogatory answers introduced by the Funds and testimony by Lumino at the evidentiary hearing.[2]

On the rest of it, the Funds offered no direct evidence that the other items identified by Gallagher were still there as of February. For its part, Global Builders offered testimony by Lumino, first, that persons purporting to work for Gallagher came at some point after Hugh Henry was removed from the site and picked up concrete forms (called Doka forms and Symons forms). Second, Lumino testified that a significant number of tools left at the job site were taken by unknown persons over a period of time. Although this testimony was somewhat vague—for example, Lumino did not identify any particular items that were taken—the Court found it credible.

A court may, in appropriate circumstances, infer or presume one's continued possession of property from possession of the property as of a particular point in time. *See, e.g., Maggio v. Zeitz*, 333 U.S. 56, 65–66 (1948); *see also United States v. Rylander*, 460 U.S. 752, 761 n.3 (1983). But here there is plenty to make such an inference unreasonable or, alternatively, to rebut the presumption. Hugh Henry's property was on an active construction site, and it was taking up space. It is reasonable to believe that once it became clear that Hugh Henry was not returning to the site, Global Builders, as the general contractor, would have had as much of Hugh Henry's property as possible moved offsite so that it would not take up space (which is what Lumino says Global did). It is also entirely possible, even likely, that whoever took over

---

[2] Somewhat inexplicably, Global Builders has filed a "motion for directed finding" in which it asks the Court to find in its favor altogether, in other words, that the Funds failed to establish that Global held *anything* as of the relevant date. This contradicts both Global's interrogatory answers and Lumino's testimony in which they admitted that Global retained at least some of Hugh Henry's property at the relevant time.

the concrete work from Hugh Henry helped itself to the equipment and forms that had been left at the site. And then there is Lumino's credible testimony about tools being stolen. The Court takes no position regarding whether it was legally appropriate for Global Builders to refuse to return property to Hugh Henry or regarding whether, if some of Hugh Henry's property was taken or used by others, Global is legally responsible to compensate Hugh Henry for it. But the record does not support a finding that Global possessed, as of February 1, 2019, any items beyond those that it has admitted possessing via interrogatory answer and Lumino's testimony.

For these reasons, the Court grants the Funds' motion for turnover only to the extent of the property of the judgment debtors that Global Builders has stated via interrogatory response or the testimony of William Lumino that it still possessed at the relevant time. Plaintiffs' counsel is to provide Global Builders' counsel a draft order by 12:00 noon on October 15, 2019, Global Builders' counsel is to provide comments and edits by 12:00 noon on October 16, 2019, and a joint status report including a draft agreed order, or alternative versions of a proposed order, is to be filed by 4:30 p.m. on October 16, 2019. The case is set for a status hearing on October 17, 2019 at 9:30 a.m.

The Funds have also moved to restrain Global Builders from disposing of any funds it receives through its lawsuit against judgment debtors Hugh Henry Construction and Tracey Biesterfeldt—by judgment, settlement, or otherwise—until this Court can rule on who has priority of rights to any such money. The Court grants the motion.[3]

---

[3] To the extent preliminary injunction-type findings are necessary, the Funds have a reasonable likelihood of success on the merits of a claim of priority given their prior judgment; there is a risk of irreparable harm in that the judgment debtors appear not to be presently able to satisfy the judgment; there is no remedy at

*See Cacok*, 111 F.3d at 54-55; *Kirchheimer Bros. Co. v. Jewelry Mine, Ltd.*, 100 Ill. App. 3d 360, 362-63, 426 N.E.2d 1110, 1114 (1981). Counsel for the Funds and Global Builders are to confer and exchange drafts of a proposed order on the same schedule as noted above and are to include their proposed order(s) in the status report to be filed by 4:30 p.m. on October 16, 2019.

## Conclusion

The Court grants plaintiffs' motion for turnover order in part [34] and grants plaintiffs' motion for restraining order [50] as more fully described in the body of this order. The status hearing set for October 15, 2019 is vacated and reset to October 17, 2019 at 9:30 a.m. Global Builders' motion to dismiss [56], motion *in limine* [78], and motion for a directed finding [79] are terminated as moot.

Date: October 14, 2019

_____
MATTHEW F. KENNELLY
United States District Judge

---

law by which the Funds can obtain monies recovered by Global Builders from the judgment debtors; and the balance of harms does not tip against entry of an injunction.